# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class GREGORY L. MCQUEEN, JR.**
**United States Army, Appellant**

ARMY 20150166

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Colonel Ian G. Corey, Staff Judge Advocate (pretrial)
Lieutenant Colonel Travis L. Rogers, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Lieutenant Colonel Karen J. Borgerding, JA (on brief).

25 May 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of attempted pandering, one specification of conspiracy to patronize a prostitute, one specification of conspiracy to solicit prostitution, one specification of conspiracy to solicit a prostitute, two specifications of violating a lawful general regulation, one specification of dereliction of duty, two specifications of maltreatment of a subordinate, one specification of adultery, and two specifications of pandering in violation of Articles 80, 81, 92, 93, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 892, 893, 934 (2012) [hereinafter UCMJ]. Additionally, the military judge convicted appellant, contrary to his pleas, of one specification of assault consummated by battery in violation of Article 128, UCMJ. The convening

authority approved the adjudged sentence of a dishonorable discharge, confinement for twenty-four months, and reduction to the grade of E-1.[1]

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigns one error to this court, and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After due consideration, we find the assigned error warrants discussion and relief; the matters raised under *Grostefon* are without merit.

## BACKGROUND

In Specifications 1 and 2 of Charge III, appellant was charged with violating a lawful general regulation in violation of Article 92, UCMJ, as follows:

> Specification 1: In that [appellant], U.S. Army, did, at or near Fort Hood, Texas, on divers occasions, between on or about 1 February 2013 and on or about 25 March 2013, violate a lawful general regulation, to wit: paragraph 3c, III Corps and Fort Hood Regulation 210-65, dated 1 May 1995, by wrongfully purchasing for, and giving an alcoholic beverage to, Private First Class [(PFC) SD], a person under 21 years of age.

> Specification 2: In that [appellant], U.S. Army, did, at or near Fort Hood, Texas, between on or about 1 February 2013 and on or about 25 March 2013, violate a lawful general regulation, to wit: paragraph 3c, III Corps and Fort Hood Regulation 210-65, dated 1 May 1995, by wrongfully purchasing for, and giving an alcoholic beverage to, Private [(PV2) AG], a person under 21 years of age.

At trial, the military judge recited the elements for these specifications:

> (1) That there was in existence a certain lawful general regulation . . . ;

> (2) That you had a duty to obey such regulation; and

> (3) That on divers occasions, between on or about 1 February 2013 and on or about 25 March 2013, at or

---

[1] Prior to action, the convening authority deferred automatic forfeitures of all pay and allowances and reduction in grade, effective 26 March 2015 until 13 June 2015.

near Fort Hood, Texas, you violated this lawful regulation by wrongfully giving an alcoholic beverage to PFC [SW], a person under 21 years of age.

. . . .

(3)  That between on or about 1 February 2013 and on or about 25 March 2013, at or near Fort Hood, Texas, you violated this lawful regulation by wrongfully giving an alcoholic beverage to [PV2 AG], a person under 21 years of age.

The military judge did not define "wrongfully" in the context of the Article 92, UCMJ, violations.  During the providence inquiry regarding these specifications, the military judge asked appellant:

MJ:  How old was PFC [SW]?

ACC:  At the time, I believe, she was 19 or 20, ma'am.

MJ:  And how do you know her age?

ACC:  I just found out subsequently.

MJ:  But you know now that she was under 21 years of age?

ACC:  Yes, ma'am.

. . . .

MJ:  Okay.  How old is [PV2 AG]? [sic]  Was she between February, 2013 and 25 March 2013?

ACC:  I believe at the time she was 20.

MJ:  So, she was under 21?

ACC:  Yes, ma'am.

There was no further discussion about the respective ages of PFC SW and PV2 AG in the colloquy.  The military judge found appellant's pleas provident and accepted them.[2]

---

[2] Appellant pleaded guilty except the words, "purchasing for, and" to both specifications.  Additionally, the military judge found appellant not guilty of the words "on divers occasions" in Specification 1 of Charge III.

**LAW AND DISCUSSION**

Appellant now alleges there is a substantial basis in law or fact to question the providency of his pleas of guilty to violating a lawful general regulation under Article 92, UCMJ. Specifically, appellant cites *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016), a case decided by our superior court after appellant's court-martial that directs the military judge to address the unstated *mens rea* required for a conviction of an Article 92, UCMJ, offense. Appellant argues his pleas were improvident because the providency inquiry failed to establish he knew or was reckless as to whether PFC SW and PV2 AG were under age twenty-one at the time he provided them with alcohol.

While there was no abuse of discretion by the military judge at the time, appellant is nonetheless entitled to avail himself of a "new rule" when the law changes while his case is on direct appeal. *See United States v. Harcrow*, 66 M.J. 154, 160-61 (C.A.A.F. 2008) (Ryan, J., concurring). Here, the military judge did not have the benefit of our superior court's opinion in *Gifford* during appellant's providence inquiry. As a result, the providence inquiry was not sufficient to establish the *mens rea* required to make appellant's violation of the lawful general regulation wrongful. We will take appropriate action in our decretal paragraph.

**CONCLUSION**

The findings of guilty of Specifications 1 and 2 of Charge III are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). Based on the entire record and appellant's course of conduct, we are confident the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored. *See* UCMJ arts. 58a(b), 75(a).

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

4